Exhibit A



Exhibit B

---------- Forwarded message ----------
from: <dawn.russo@asu.edu>
Date: Monday, August 1, 2016
Subject: Meeting with the Office of Student Rights and Responsibilities
To: 63cents@gmail.com



ARIZONA STATE UNIVERSITY

August 01, 2016

Lee Krist
4914 N. albina

portland, Oregon 97217
United States

Dear Lee:

The Office of Student Rights and Responsibilities has received a report that on July 29, 2016 4:59 PM, you sent an email to one of your faculty that contained a picture that had a puppet holding a gun and a note. The picture was perceived to be threatening in nature. Additionally, it has been reported that over the last several months, you have continued to send multiple emails, text messages, and phone calls to students and faculty in your academic program. You have reportedly continued to disrupt the academic learning environment with these behaviors. After several phone calls and emails to which you have been directed to have contact with certain faculty and staff, it is reported that you have continued to disregard these directives.

Due to the serious nature of this situation, you are placed on **interim suspension** effective immediately. This action is being taken due to the concern for your safety and/or the safety of the campus community. Interim suspension is defined in the Arizona Board of Regents Student Code of Conduct:-

• The Dean may impose restrictions on a student or suspend a student for an interim period prior to resolution of the disciplinary proceeding

If true, the behavior stated above would be in violation of the Arizona Board of Regents (ABOR) Student Code of Conduct, pertinent parts of which are stated below:

5-308 F-2 Endangering, threatening, or causing physical harm to any member of the university community or to oneself, causing reasonable apprehension of such harm or engaging in conduct or communications that a reasonable person would interpret as a serious expression of intent to harm.

5-308 F-7 Failure to comply with the directions of university officials or agents, including law enforcement or security officers, acting in the good faith performance of their duties. This section is not intended to prohibit the lawful assertion of an individual's Fifth Amendment right against self incrimination.

5-308 F-11 Interfering with or disrupting university or university-sponsored activities, including but not limited to classroom related activities, studying, teaching, research, intellectual or creative endeavor, administration,

service or the provision of communication, computing or emergency services.

5-308 F-20 Stalking or engaging in repeated or significant behavior toward another individual, whether in person, in writing, or through electronic means, after having been asked to stop, or doing so to such a degree that a reasonable person, subject to such contact, would regard the contact as unwanted.

5-308 F-21 Engaging in discriminatory activities, including harassment and retaliation, as prohibited by applicable law or university policy.

Prior to returning to the university campus for any reason, you must attend a meeting with Student Rights and Responsibilities staff. This meeting is to ensure that you are connected to the proper resources to best support you. **It is important for you to understand that you will be subject to arrest if you come on to any ASU property, for any reason, prior to the meeting.**

For this reason, an appointment has been scheduled for you on

◦ **August 3, 2016 9:00 AM**, ASU Police Department-Tempe Campus Police Station

At this meeting, the next step in this process will be determined, including whether the interim suspension is removed. To assist your understanding, attached is a copy of the ABOR Student Code of Conduct and Student Disciplinary Procedures, which is also available at https://eoss.asu.edu/dos/srr/codeofconduct.

If you have questions, please contact the Office of Student Rights and Responsibilities at (480)965-6547.

Sincerely,

*Dawn M. Russo*

Dawn M. Russo, M.Ed.
Assistant Director
Student Rights and Responsibilities

**Student Rights and Responsibilities**
**PO Box 870512 Tempe, AZ 85287-0512**
**Telephone: (480) 965-6547  Fax: (480) 965-9608**
**www.asu.edu/srr**

4

Exhibit C



ARIZONA STATE UNIVERSITY

September 22, 2016

Lee Krist
4914 N. albina

portland, Oregon 97217
United States

Dear Lee:

The letter is to inform you of the decision regarding your involvement in the incident that occurred on July 29, 2016. It should be noted that you refused to meet with Student Rights and Responsibilities on August 1 and August 3, 2016 regarding the interim suspension, and on August 10, 2016 you told ASUPD Det. Parker Dunwoody that you refuse to participate in the disciplinary process.  Our review has determined that you sent a picture of a puppet with a gun that the receiver felt was threatening.  After being issued a no contact directive for all ASU faculty, staff, and students (with the exception of Dawn Russo in Student Rights and Responsibilities) you failed to comply with that directive when you made at least 17 attempts to contact persons at ASU through emails, phone calls, and voice messages which have been reported as harassment by the receivers.

You have been found responsible for violating the Arizona Board of Regents (ABOR) Student Code of Conduct, specifically section(s):

5-308 F-2 Endangering, threatening, or causing physical harm to any member of the university community or to oneself, causing reasonable apprehension of such harm or engaging in conduct or communications that a reasonable person would interpret as a serious expression of intent to harm.

5-308 F-7 Failure to comply with the directions of university officials or agents, including law enforcement or security officers, acting in the good faith performance of their duties. This section is not intended to prohibit the lawful assertion of an individual's Fifth Amendment right against self incrimination.

5-308 F-11 Interfering with or disrupting university or university-sponsored activities, including but not limited to classroom related activities, studying, teaching, research, intellectual or creative endeavor, administration, service or the provision of communication, computing or emergency services.

5-308 F-20 Stalking or engaging in repeated or significant behavior toward another individual, whether in person, in writing, or through electronic means, after having been asked to stop, or doing so to such a degree that a reasonable person, subject to such contact, would regard the contact as unwanted.

5-308 F-21 Engaging in discriminatory activities, including harassment and retaliation, as prohibited by applicable law or university policy.

As a result of this decision, effective September 30, 2016, the following sanction of a **1 year suspension** is imposed.

During the period of suspension:

- You are denied access from all ASU owned, operated or leased university property and are subject to arrest if you violate this directive.
- You are not permitted to participate in any university-sponsored activity.

- You are ineligible for admission, enrollment, re-enrollment or readmission to Arizona State University, Northern Arizona University, or the University of Arizona or any other university campus or division governed by the Arizona Board of Regents. For further information concerning this provision, please reference: https://eoss.asu.edu/dos/srr/codeofconduct.
- An administrative hold has been placed on your records and you will not be allowed to register for classes during the period of suspension/expulsion. After the period of suspension is complete and should you desire to return to Arizona State University, you will need to contact Office of Student Rights and Responsibilities at 480-965-6547 and schedule an appointment.

Conditions for return

1. Suspension
Temporary separation of the student from the university for a specified period of time or until specific conditions, if imposed, have been met. An indication of suspension may appear on the student's transcript. Except where prior approval has been granted by the Dean of Students, a suspended student will not participate in any university-sponsored activity and will be barred from the university campus. A suspended student will be ineligible to attend Arizona State University, Northern Arizona University, or the University of Arizona or any other university campus or division governed by ABOR until the conditions of suspension have been met.

2. Assessment
Start Date: Thursday, September 22, 2016
Should you desire to return to Arizona State University, and prior to scheduling an appointment with the Office of Student Rights and Responsibilities, you must submit documentation that indicates that you received treatment to address any mental health issues. The documentation for the treatment, and continuing treatment plan (including any medicines that have been prescribed), must be in the form of a letter on letterhead, signed by the treating psychologist. It must include a statement that you do not pose an immediate risk to yourself or the safety of our campus community and that you possess the coping skills to be successful in a campus environment. This documentation must be received and reviewed prior to a meeting being scheduled, and prior to a decision being made for considering your return to Arizona State University.

This decision was based on all information gathered. The decision to suspend a student is final, unless the student requests a hearing to review that decision, based on at least one of the following:

- The finding that you are responsible for violation of the ABOR Student Code of Conduct
- The sanction of suspension.

To request a hearing before a University Hearing Board, you must file a written request with the Dean of Students no later than 5 business days following the date of the present letter. **In your case, the written request for a hearing before the University Hearing Board must be delivered to the Dean of Students Tempe Campus by no later than 4:30 p.m. on September 30, 2016.** Please refer to the university Student Disciplinary Procedures for information regarding appeal procedures. You may access the ABOR Code of Conduct at https://eoss.asu.edu/dos/srr/codeofconduct.

If you have questions concerning this action, please contact this office at (480)965-6547.

Sincerely,

Jennifer Hightower
Acting Dean of Students
Vice President of Student Services

Student Rights and Responsibilities
PO Box 870512 Tempe, AZ 85287-0512
Telephone: (480) 965-6547  Fax: (480) 965-9608
www.asu.edu/srr

Exhibit D

# Student Disciplinary Procedures

These grievance procedures govern *Student Code of Conduct* violations, except those involving academic integrity. "Sexual misconduct" includes the definition of ABOR policy 5-308 (E) (17) as well as any code violations related to domestic or dating violence.

The term "parties" refers to the Dean of Students and the student charged with misconduct. In sexual misconduct matters or matters involving violence, the person(s) against whom the alleged misconduct was committed also has the opportunity to participate as a party.

These procedures provide a fair and impartial administrative process. Consistent with ABOR 5-308(5), "a student can be found responsible under the Student Code of Conduct even if the underlying conduct would not also constitute a criminal offense, and even if a prosecutor has determined not to prosecute as a criminal matter or the student has been found guilty in a criminal proceeding."

The responsibilities of the Senior Vice President for Educational Outreach and Student Services under this policy may be performed by a designee.

A. **Initiation of Investigation**
   1. The Dean of Students may initiate an investigation based on receipt of information from any source that a student may have violated the *Student Code of Conduct*.
   2. Where the alleged misconduct is related to discrimination or harassment, the Dean of Students will inform the Office of Equity and Inclusion, and in sexual misconduct cases, the Title IX Coordinator.
   3. The Dean of Students will provide the parties with written information on supportive services available at the university and in the community.

B. **Interim Action**
   1. The Dean of Students may restrict or suspend a student for an interim period pending a disciplinary proceeding if the Dean is aware of information that supports a misconduct allegation and believes that the student poses a threat of harm or substantial disruption.
   2. The decision to restrict or suspend a student for an interim period and the information upon which the information is based will be communicated in writing to all parties.
   3. A student who is restricted from campus or suspended for an interim period may request an opportunity to provide

information to contest the restriction or interim suspension no later than five (5) business days following the effective date of the interim action. Based on information provided, the Dean of Students will determine whether the restriction or suspension should remain in place. The parties shall have an equal opportunity to provide information relevant to the restriction or interim suspension.

4. The interim action will remain in effect until a final decision has been made on the pending charges or until the Dean of Students believes that the reasons for imposing the interim action no longer exist.

5. The Dean of Students may impose other forms of interim action, such as immediate removal from university housing or exclusion from one or more classes or other specific locations.

## C. Investigation

1. If the Dean of Students believes that there is a sufficient basis to believe that a violation of the *Student Code of Conduct* may have occurred the Dean will notify the student in writing of the alleged violation and initiate the investigative process.

2. Members of the university community will be expected to comply with any request or directive issued by the Dean of Students in connection with an inquiry or investigation.

3. All parties will be given timely notice of meetings taking place as well as access to information that will be used during the disciplinary meetings as permissible under the Family Educational Rights and Privacy Act (FERPA).

4. During the investigation, the Dean of Students will provide all parties the following:
   a. an explanation of the charges which have been made
   b. a summary of the information gathered
   c. a reasonable opportunity for the student to reflect upon and respond on his/her own behalf to the charges

   and

   d. An explanation of the applicable disciplinary procedures, including the parties' right to request a hearing before a University Hearing Board if suspension, expulsion, or degree revocation is imposed.

5. Before concluding the investigation, and upon request, the Dean of Students will provide the parties with an opportunity to respond to all investigative materials.

6. Students may accept responsibility for *Student Code of Conduct* violations and waive their rights to procedures provided by this policy. A student who fails to attend the meeting with the Dean of Students will forfeit the right to respond to the alleged violation, unless the student can demonstrate that an extraordinary circumstance prevented his/her appearance. If the student fails to attend the meeting, the Dean may proceed as described in paragraph D of this subsection.

D. **Determination and Appeal**
1. The Dean of Students will determine whether it is more likely than not that a violation of the Student Code of Conduct has occurred and, if so, the appropriate disciplinary sanction to apply. In determining the sanction, the Dean will consider any mitigating or aggravating factors, including any prior violations of the *Student Code of Conduct*. In sexual misconduct cases, this determination shall be made within sixty (60) days. If a determination cannot be made within sixty (60) days the Dean shall document the reasons.
2. The Dean of Students will provide the parties a written decision within five (5) business days. When feasible, this information will also be communicated in a face-to-face meeting.
3. The written decision will include a statement of the charges, the determination, and the sanction to be imposed, if any. This decision is final, unless a party requests a hearing to review a decision to suspend, expel, or revoke a degree. The effective date of a suspension (except for interim suspension) or expulsion may be no sooner than five (5) business days following the date of the notice.
4. If the sanction imposed includes either expulsion, suspension, or degree revocation, the student (and in sexual misconduct cases, the complainant) will be informed of the right to request a hearing before a University Hearing Board by filing a written request with the Dean of Students no later than five (5) business days following the date of the notice.
5. The filing of a timely written request for a hearing will suspend the imposition of the disciplinary sanction (except for interim suspension) pending the outcome of the hearing. A student who requests a hearing of his/her sanction of suspension or expulsion will not be permitted to graduate until the hearing process has been concluded. If the sanction is degree revocation, the university may refuse to release an official transcript until the hearing process has been concluded. If there is no hearing request, then the Dean of Students' decision is final and effective immediately.

E. **Review by University Hearing Board**

1. Purpose of the Hearing Board
The Hearing Board is the body that conducts hearings concerning suspensions, expulsions, and degree revocations. It is advisory and provides a recommendation to the Senior Vice President for Educational Outreach and Student Services who will make the final decision.
2. Composition of the Hearing Board
   a. The Hearing Board will be comprised of three members. One member must be a student and one of the other members will act as Hearing Board Chair.
   b. Each Hearing Board member shall at a minimum receive annual training on the issues related to dating violence, domestic violence, sexual assault and stalking and how to conduct an investigation and hearing process that protects the safety of victims and promotes accountability.
3. Pre-Hearing Procedures
   a. The Hearing Board members will be notified in writing of their selection.
   b. The Hearing Board Chair shall set a hearing date no later than (90) calendar

days after receipt of the request for hearing.

c.   The Hearing Board Chair will prepare and send a written notice of the hearing to the parties no less than twenty calendar (20) days before the date set for the hearing. The notice will be directed to the student's ASU e-mail address. The notice will include:

- (1) a statement of the date, time, location, and nature of the hearing, including a statement of the Hearing Board's jurisdiction
- (2) a copy of the sanction letter containing references to the code violations and a short plain statement describing the misconduct
- (3) notice of the right to be assisted by an advisor, who may be an attorney
- (4) a copy of or link to the *Student Code of Conduct* and these "Student Disciplinary Procedures"
- (5) a list of the names of all Hearing Board members, and the university address of the Chair
- (6) in sexual misconduct cases, notice regarding the restrictions on evidence of past sexual history and notice that the parties may not directly question one another but must submit written requests to the Chair

  and

- (7) the length of time set for the hearing and the time limitation for the presentation of evidence.

d.   If any of the parties cannot attend the hearing on the date scheduled for the hearing due to extraordinary circumstances, they must notify the Hearing Board Chair in writing who will determine whether to approve or deny the request to reschedule the hearing.

e.   No later than five (5) business days before the hearing, the parties shall exchange and provide a copy to the Hearing Board of the following:

- (1) a list of the names of the witnesses who may be called to testify at the hearing
- (2) a concise summary of the anticipated statements of each witness
- (3) copies of all documents to be presented at the hearing

  and

- (4) if an advisor or attorney is being used, the name of the advisor or attorney. The university shall additionally provide the name and title of the university representative.

f.   The Hearing Board Chair or designated staff shall confirm the parties' attendance at the hearing.   If the party (or parties) who requested the hearing fails to confirm his or her attendance at least five (5) business days in advance of the hearing, that party will be deemed to have abandoned his or her request for a hearing.  If none of the parties who requested a hearing have confirmed their attendance, the hearing may be cancelled.

g.   To object to a document, a party must submit a written objection to the Hearing Board Chair no later than one (1) business day before the hearing. After providing the other party an opportunity to respond, the Hearing

Board Chair shall rule on any objections to submitted documents. Absent a timely objection, the documents received by the Hearing Board shall become part of the record and shall be considered.

h.  A party may challenge the participation of any Hearing Board member on the grounds of personal bias by submitting a written statement to the Hearing Board Chair setting forth the basis for the challenge no later than five (5) business days before the hearing. The Chair will determine whether to sustain or deny the challenge. If a challenge is filed against the Chair, the Senior Vice President for Educational Outreach and Student Services will rule on the challenge. If the challenge is sustained, a replacement member will be appointed to serve on the Hearing Board.

i.  Members of the university community will be expected to comply with any request or directive issued by the Hearing Board Chair in connection with a disciplinary proceeding. Upon specific request, the Chair will send a communication to a member of the university community requesting his/her presence at the hearing and giving notice of the university's expectations.

j.  The Hearing Board Chair may extend the times and deadlines required by these rules for good cause.

4.  Conduct of the Hearing

a.  In order to preserve the confidential nature of the disciplinary process and to protect the privacy interests of those involved, the hearing will be closed to the public. Appropriate university administrators or staff may attend the hearing.

b.  The Hearing Board Chair will preside at the hearing and will rule upon all procedural matters. The formal rules of evidence will not apply, although objections to the introduction of specific statements or documents may be considered by the Chair. Irrelevant, immaterial, privileged, or unduly repetitious information will be excluded.

c.  The university representative will have the burden of proving that the student more likely than not violated the *Student Code of Conduct* and the reason for the sanction. If the student accepts responsibility for the violation charged, then the Hearing Board may focus the hearing on the appropriate sanction.

d.  Information regarding prior misconduct may not be used as proof of a current violation, but may be admitted for other purposes, such as to show that the student had prior experience relevant to the charge or to show that the student had previously been informed that the conduct was not acceptable. The Hearing Board may also consider information regarding prior misconduct in determining an appropriate sanction.

e.  Any party who requested a hearing and who fails to appear or refuses to participate at the hearing will be deemed to have abandoned the request for an appeal, unless the student

can demonstrate that an extraordinary circumstance prevented his/her appearance or participation.

    f.   Any party may be assisted throughout the proceeding by an advisor. If the student or complainant is represented by an attorney, the university representative may also be represented by an attorney. An advisor or attorney may present the case for the party or may simply act as an advisor.

    g.   The hearing will be recorded manually or by a recording device and will be transcribed in whole or in part on request. The requestor will pay the cost of the transcript unless the Senior Vice President for Educational Outreach and Student Services waives the cost.

    h.   Except as otherwise permitted by the Hearing Board Chair, witnesses will be excluded from the hearing except during their own testimony.

    i.   However, a victim, as defined by applicable law and provided rights to attend such hearings by law, will be permitted to attend the hearing. In sexual misconduct cases, the student and complainant may not directly question one another. The Hearing Board Chair shall provide procedures for the submission of written questions and the Chair will determine which questions will be permitted. The Chair shall read into the record any questions that are deemed inappropriate and the parties shall have an opportunity to respond on the record.

    j.   In sexual misconduct cases, evidence related to the complainant's sexual history will not be admitted.

    k.   The university shall proceed first at each stage of the presentation. The student appealing the decision shall go last.

- (1) Each party may present an opening statement, which summarizes what information is expected to be presented.
- (2) Each party will call witnesses to provide statements under oath.
- (3) At the conclusion of each witness' statement, he or she may be questioned by the other party.
- (4) The Hearing Board may ask further questions of each witness.
- (5) Rebuttal witnesses may be called to refute statements made by any party.
- (6) Each party may present a closing statement which summarizes the information that has been presented.

F.  **Hearing Board Deliberations and Recommendation**

    1.   Following the presentation of information and closing statements, and before reaching their decision, the Hearing Board will discuss the information that has been presented and the reasonable inferences to be drawn from it. Only the Hearing Board and its legal advisor, if any, may be present during the deliberations.

    2.   Based solely upon the information presented, the Hearing Board will formulate a recommendation to the Senior Vice President for Educational Outreach and

Student Services as to whether the student more likely than not violated the *Student Code of Conduct* and the appropriate sanction. Recommendations must be supported by a simple majority of the board.

3. The Hearing Board Chair will provide a written recommendation to the student, the Dean of Students, and the Senior Vice President for Educational Outreach and Student Services no later than three (3) business days following the conclusion of the hearing. The written recommendation will include findings of fact and a statement of the reasons for the recommendation, and will be signed by the Chair.

G. **Review and Decision by Senior Vice President for Educational Outreach and Student Services**

1. Following a review of the Hearing Board's recommendation, the Senior Vice President for Educational Outreach and Student Services will render a written decision which affirms, denies, or accepts the Hearing Board's recommendation with modifications. The written decision shall be issued no later than twenty (20) business days following receipt of the Hearing Board's recommendation, except when it becomes necessary to conduct further investigation or to remand the matter to the Hearing Board. In those cases the written decision will be transmitted no later than twenty business days following completion of the investigation or the Hearing Board's subsequent recommendation.

2. If the Senior Vice President for Educational Outreach and Student Services does not accept the Hearing Board's recommendation, the Senior Vice President will explain any variance from the recommendation in the final decision.

3. Copies of the written decision will be promptly transmitted to the student and Dean of Students (and in sexual misconduct cases, the complainant and the Title IX Coordinator).

4. The decision of the Senior Vice President for Educational Outreach and Student Services is a final decision from the date it is issued, unless a timely written request for review or rehearing as described in paragraph H is received by the Senior Vice President.

5. The letter from the Senior Vice President will also provide notice to the parties of the right to seek judicial review pursuant to A.R.S. §12-904.

H. **Request for Review or Rehearing**

1. A party who is dissatisfied with the decision reached by the Senior Vice President for Educational Outreach and Student Services may request a review or rehearing by filing a written request with the Senior Vice President and sending a copy to all parties within fifteen (15) business days after the decision is issued. Any party may file a written response to the request within five (5) business days of the request.

2. A review or rehearing is not an appeal; it is an opportunity to make the decision-maker aware of irregularities or illegalities in the proceedings or of significant new evidence that could not have been provided to the Hearing Board for consideration before its decision. The request may only be based on one or more of the following grounds:

   a. irregularities in the proceedings, including but not limited to any abuse of discretion or misconduct by the Hearing Board or by the Dean of Students, which has deprived the opportunity for a fair and impartial disciplinary process

    b.  newly discovered material evidence which could not have been presented during the fact-finding or hearing process

    c.  excessive severity of the sanction

    or

    d.  the decision is not reasonably justified by the evidence or is contrary to law.

3. Following receipt of a request for review or rehearing, the Senior Vice President for Educational Outreach and Student Services will first determine whether the request sets forth a proper ground for review or rehearing and then will make whatever review is deemed necessary.

4. The Senior Vice President for Educational Outreach and Student Services will provide a written response to the request for review or rehearing within fifteen (15) business days of receipt of the request. The response shall be sent to the student and the Dean of Students. The Senior Vice President may uphold or modify the previous decision or grant a rehearing on the issues raised by the request. The decision of the Senior Vice President is final.

Last updated July 1, 2016.

Exhibit E

## DECLARATION OF JULIE ANAND

I, Julie Anand, hereby state, under penalty of perjury, that the following information is true to the best of my information, knowledge and belief:

1.     I am over eighteen years of age and the statements included in this declaration are based on my personal knowledge.

2.     I am a Defendant in the lawsuit *Leopold ("Lee") Krist v State of Arizona, et al.*, U.S. District Court, District of Arizona, Cause No. CV-17-02524-PHX-DGC.

3.     At all times relevant to the events alleged in *Krist*, I was an Associate Professor in the School of Art at Arizona State University.

4.     I was never personally served with a Notice of Claim on behalf of Plaintiff, Leopold ("Lee") Krist.

5.     A Notice of Claim on behalf of the Plaintiff was not left at my home with a person who lives there who is of suitable age and discretion.

6.     I never gave anyone authority to accept service of a Notice of Claim on my behalf.

7.     I was never served with a Notice of Claim by mail and did not sign any return receipt with the United States Post Office.

8.     Plaintiff never requested that I waive service of a Notice of Claim. Likewise, I never agreed to waive service of a Notice of Claim.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____December 7, 2017_____

_____
Julie Anand

DECLARATION OF ADRIENE JENIK

I, Adriene Jenik, hereby state, under penalty of perjury, that the following information is true to the best of my information, knowledge and belief:

1.     I am over eighteen years of age and the statements included in this declaration are based on my personal knowledge.

2.     I am a Defendant in the lawsuit *Leopold ("Lee") Krist v State of Arizona, et al.*, U.S. District Court, District of Arizona, Cause No. CV-17-02524-PHX-DGC.

3.     At all times relevant to the events alleged in *Krist*, I was a Professor and the Director in the School of Art at Arizona State University.

4.     I was never personally served with a Notice of Claim on behalf of Plaintiff, Leopold ("Lee") Krist.

5.     A Notice of Claim on behalf of the Plaintiff was not left at my home with a person who lives there who is of suitable age and discretion.

6.     I never gave anyone authority to accept service of a Notice of Claim on my behalf.

7.     I was never served with a Notice of Claim by mail and did not sign any return receipt with the United States Post Office.

8.     Plaintiff never requested that I waive service of a Notice of Claim. Likewise, I never agreed to waive service of a Notice of Claim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11/29/17_____

_____
Adriene Jenik

DECLARATION OF MARK KLETT

I, Mark Klett, hereby state, under penalty of perjury, that the following information is true to the best of my information, knowledge and belief:

1.     I am over eighteen years of age and the statements included in this declaration are based on my personal knowledge.

2.     I am a Defendant in the lawsuit *Leopold ("Lee") Krist v State of Arizona, et al.*, U.S. District Court, District of Arizona, Cause No. CV-17-02524-PHX-DGC.

3.     At all times relevant to the events alleged in *Krist*, I was a Regents' Professor in the School of Art at Arizona State University.

4.     I was never personally served with a Notice of Claim on behalf of Plaintiff, Leopold ("Lee") Krist.

5.     A Notice of Claim on behalf of the Plaintiff was not left at my home with a person who lives there who is of suitable age and discretion.

6.     I never gave anyone authority to accept service of a Notice of Claim on my behalf.

7.     I was never served with a Notice of Claim by mail and did not sign any return receipt with the United States Post Office.

8.     Plaintiff never requested that I waive service of a Notice of Claim. Likewise, I never agreed to waive service of a Notice of Claim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ November 29 2017 _____

Mark Klett

DECLARATION OF DAWN RUSSO

I, Dawn Russo, hereby state, under penalty of perjury, that the following information is true to the best of my information, knowledge and belief:

1. I am over eighteen years of age and the statements included in this declaration are based on my personal knowledge.

2. I am a Defendant in the lawsuit *Leopold ("Lee") Krist v State of Arizona, et al.*, U.S. District Court, District of Arizona, Cause No. CV-17-02524-PHX-DGC.

3. At all times relevant to the events alleged in *Krist*, I was an Assistant Director in Educational Outreach and Student Services at Arizona State University.

4. I was never personally served with a Notice of Claim on behalf of Plaintiff, Leopold ("Lee") Krist.

5. A Notice of Claim on behalf of the Plaintiff was not left at my home with a person who lives there who is of suitable age and discretion.

6. I never gave anyone authority to accept service of a Notice of Claim on my behalf.

7. I was never served with a Notice of Claim by mail and did not sign any return receipt with the United States Post Office.

8. Plaintiff never requested that I waive service of a Notice of Claim. Likewise, I never agreed to waive service of a Notice of Claim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11-29-17_____

Dawn Russo

## DECLARATION OF BETSY SCHNEIDER

I, Betsy Schneider, hereby state, under penalty of perjury, that the following information is true to the best of my information, knowledge and belief:

1.     I am over eighteen years of age and the statements included in this declaration are based on my personal knowledge.

2.     I am a Defendant in the lawsuit *Leopold ("Lee") Krist v State of Arizona, et al.*, U.S. District Court, District of Arizona, Cause No. CV-17-02524-PHX-DGC.

3.     At all times relevant to the events alleged in *Krist*, I was a Lecturer in the School of Art at Arizona State University.

4.     I was never personally served with a Notice of Claim on behalf of Plaintiff, Leopold ("Lee") Krist.

5.     A Notice of Claim on behalf of the Plaintiff was not left at my home with a person who lives there who is of suitable age and discretion.

6.     I never gave anyone authority to accept service of a Notice of Claim on my behalf.

7.     I was never served with a Notice of Claim by mail and did not sign any return receipt with the United States Post Office.

8.     Plaintiff never requested that I waive service of a Notice of Claim. Likewise, I never agreed to waive service of a Notice of Claim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Dec 5, 2017_

_Betsy Schneider_